**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. -----** |
| | § | |
| **WESTERN DAIRY TRANSPORT, L.L.C.,** | § | |
| **SOUTHWEST LEASING, L.L.C., WD** | § | |
| **LOGISTICS, L.L.C. AND B & C HOLDING** | § | |
| **COMPANY, L.L.C.** | § | |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Plaintiff Great West Casualty Company, and files this Plaintiff's Original

Complaint for Declaratory Judgment and in support thereof would show the following:

**I
PARTIES**

1.      Plaintiff, Great West Casualty Company ("Great West"), is a corporation organized and

existing under the laws of the State of Nebraska with its principal place of business in South

Sioux City, Nebraska.

2.      Defendant, Western Dairy Transport, L.L.C. ("Western Dairy") is a corporation

existing under the laws of the State of Delaware with its principal place of business in

Missouri. Per FED.R.CIV.P. 4(h)(1)(A), and may be served with process by servicing its

registered agent, David L. Shelton, at 771 County Road 176, Stephenville, Texas, 76401.

3.      Defendant, Southwest Leasing, L.L.C. ("Southwest") is a corporation existing under

the laws of the State of Delaware with its principal place of business in Missouri. Per

FED.R.CIV.P. 4(h)(1)(A), and may be served with process by servicing its registered agent,

David L. Shelton, at 771 County Road 176, Stephenville, Texas, 76401 or by serving James C.
Dixon at 910 Shelton Dr., P.O. Box 590, Cabool, Missouri, 65689.

4.      Defendant, WD Logistics, L.L.C. ("WD Logistics") is a corporation existing under the
laws of the State of Delaware with its principal place of business in Missouri. Per FED.R.CIV.P.
4(h)(1)(A), and may be served with process by servicing its registered agent, David L.
Shelton, at 771 County Road 176, Stephenville, Texas, 76401 or by serving James C. Dixon at
910 Shelton Dr., P.O. Box 590, Cabool, Missouri, 65689.

5.      Defendant, B & C Holding Company, L.L.C. ("B & C")  is a corporation existing under
the laws of the State of Delaware with its principal place of business in Missouri. Per
FED.R.CIV.P. 4(h)(1)(A), and may be served with process by servicing its registered agent,
David L. Shelton, at 771 County Road 176, Stephenville, Texas, 76401.

## II
## VENUE AND JURISDICTION

6.      There is complete diversity of citizenship among and between the parties to this civil
action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five
thousand dollars ($75,000). As such, jurisdiction in this judicial district exists pursuant to 28
U.S.C. § 1332.

7.      This insurance coverage lawsuit concerns an underlying personal injury lawsuit on
file in Erath County, Texas state court which is within the geographic territory of the Fort
Worth Division of the Northern District of Texas. The underlying lawsuit arises out of an
accident that occurred within the territory of the Fort Worth Division of the Northern District
of Texas. Accordingly, venue in this judicial district and division is proper pursuant to 28
U.S.C. § 1391.

---

**Plaintiff's Original Complaint -**                                                        **Page 2**

### III
### FACTS

8.     This insurance coverage dispute arises out of an underlying truck/automobile accident lawsuit styled, *Western Dairy Transport, L.L.C., Southwest Leasing L.L.C., WD Logistics L.L.C. and B & C Holding Company, L.L.C. v. Servando Villanueva Individually and d/b/a Villanueva Trucking, and Makayla Elliott Hart,* Cause No. CV33739, on file in the 266th Judicial District Court of Erath County, Texas ("the Underlying Lawsuit"). The Underlying Lawsuit was originally filed by the Defendants herein, as Plaintiffs, seeking property damage to their trailer, and other relief, against Servando Villanueva, the involved truck driver who was hauling their trailer, and Makayla Hart, the driver of the other vehicle involved in the accident.

9.     Plaintiff Great West issued a Commercial Automobile Liability insurance policy to Servando Villanueva under policy number MCP12378B ("the Great West policy").  (A true and correct copy of the Great West policy is attached hereto as **Ex. A**.)

10.     On March 1, 2017, Makayla Hart filed a Cross Claim and Counterclaim against Villanueva and the Defendants herein for damages arising out of her injuries sustained in the accident. (A true and correct copy of Ms. Hart's Cross-Claim and Counterclaim is attached hereto as **Ex. B**.)

11.     Defendants herein then tendered Ms. Hart's Counterclaim against them to Plaintiff Great West demanding that Great West defend them with respect to Ms. Hart's allegations in the Underlying Lawsuit pursuant to the terms of the Great West policy issued to Villanueva.

12.     By letter dated March 14, 2017, Great West agreed to defend Defendants WD Logistics and Southwest on Ms. Hart's Counterclaim as "insureds" under the Great West subject to certain reservations of rights to deny coverage and advised them that Great West had

retained defense counsel to defend them, identifying the counsel selected.   (A true and correct copy of Great West's March 14, 2017 letter is attached hereto as **Ex. C**.)

13.     In the same March 14, 2017 letter, Great West denied defense on Ms. Hart's Counterclaim in the Underlying Lawsuit to Defendants Western Dairy and B & C based on the fact that they did not qualify as "insureds" on the Great West policy under the Counterclaim allegations.

14.     The Great West policy, in the Commercial Auto Coverage Part-Motor Carrier Coverage Form, Section II. A. Coverage (page 3) provides as follows:

> We [Great West] will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"…

> * * * * *

> We have the right and duty to defend any "insured" against a "suit" asking for such damages…

15.     That same section II.A.1 "Who is an Insured" provides that the "insureds" under the Great West policy include, among others, "you" [i.e. Villanueva], as well as owners of trailers that Villanueva hires or borrows while they are connected to his truck. Ms. Hart's Counterclaim alleges in section 5.01 that the trailer that Villanueva was hauling at the time of the accident was owned by and registered to Southwest.

16.     Additionally, by virtue of a "Broker as Insured" endorsement naming them, WD Logistics is potentially an "insured" under the Great West policy if it is a party to a written brokerage agreement with Villanueva.

17.     Additionally, that same policy form provides in Section V. Motor Carrier Conditions, condition no. 2 that Great West has no duty to provide coverage under the policy unless there has been full compliance with certain duties set forth therein, including the insured's duty (1) not to assume any obligation, make any payment or incur any expense without Great West's consent, except at the insured's own cost, and . . . (3) cooperate with Great West in the defense against the "suit".

18.     By emails dated April 13, 2017, Great West was advised by Defendants, through their counsel, that WD Logistics and Southwest were rejecting the defense being offered by Great West to them pursuant to the March 14, 2017 letter based on an alleged conflict of interest created by Great West's reservation of rights to deny coverage to them and that they were insisting that Great West agree to defend them through their existing, personally retained counsel instead.  Counsel for Defendants also alleged that Great West also owed a duty to defend B & C and Western Dairy as well whereas Great West had denied defense to them.

19.     Great West, to the contrary, believes that there is no disqualifying conflict of interest or any other basis for WD Logistics and Southwest to refuse the defense being offered to them through counsel selected and paid by Great West, that by rejecting the defense being offered to them, they have breached the terms of the Great West policy, and that no defense is owed to B & C or Western Dairy.

20.     Accordingly, there is a disagreement between Great West and Defendants as to the respective rights and obligations of the parties.

21.     Therefore, Great West brings this declaratory judgment action under 22 U.S.C. 2201

seeking court resolution of the disagreements and uncertainties regarding the rights and

obligations of the parties under the Great West policy.

### IV
### DECLARATORY JUDGMENT

22.     Great West incorporates the preceding paragraphs in this Complaint by reference.

23.     Great West seeks a declaration that the Great West policy entitles it to defend WD

Logistics and Southwest through the defense counsel that it selects and pays and that under

Texas law as set forth in *Northern County Mutual Ins. Co. v. Davalos*, 140 S.W.3d 685, 688-90

(Tex. 2004) and *Downhole Navigators LLC v. Nautilus Ins. Co.*, 686 F.3d 325, 328-30 (5th Cir.

2012) and their progeny, there is no disqualifying conflict of interest entitling WD Logistics

or Southwest to a defense through counsel of their selection or choosing.

24.     Great West seeks the further declaration that its March 14, 2017 offer of defense to

WD Logistics and Southwest fulfills its legal obligations, if any, to defend those entities under

the Great West policy and that Great West, accordingly, has not breached any duty to defend

them.

25.     Great West seeks the further declaration that it is not obligated to pay or reimburse

any defense-related expenses incurred by WD Logistics and Southwest in connection with

their defense of the Underlying Lawsuit Counterclaim of Ms. Hart, including but not limited

to attorney fees and cost incurred after March 14, 2017 to the extent that such costs or fees

were incurred without Great West's consent.

26.     Great West seeks the further declaration that to the extent that WD Logistics or

Southwest continue to refuse to allow Great West to defend them through counsel selected

by Great West, they are in breach of the Conditions of the insurance policy, that Great West

---

**Plaintiff's Original Complaint -**                                          **Page 6**

is prejudiced thereby, and that therefore, they forfeited any coverage otherwise available under the Great West policy.

27. Great West seeks the further declaration that its denial of defense to B & C and Western Dairy was proper under the allegations of Ms. Hart's Counterclaim against them because they do not qualify as "insureds" on the Great West policy.

## VI
## PRAYER

WHEREFORE PREMISES CONSIDERED, Great West Casualty Company prays that the Court enter declaratory judgment in favor of Great West and against Defendants as requested herein and that the court award Great West any costs and reasonable attorneys' fees that it is entitled to in connection with this action, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

David J. Schubert
State Bar No. 17820800
E-Mail: DSchubert@SchubertEvans.com
Stephen Burnett
State Bar No. 24006931
E-Mail: SBurnett@SchubertEvans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas  75202
Telephone:  (214) 744-4400
Facsimile:  (214) 744-4403

**ATTORNEYS FOR PLAINTIFF**